UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

DORCAS LOWE-MURPHY,                    :
                                       :
                    Plaintiff,         :
                                       :      **MEMORANDUM**
            - against -                :      **DECISION AND ORDER**
                                       :
NEW YORK CITY DEPARTMENT OF            :      19-cv-4354 (BMC) (SMG)
EDUCATION,                             :
                                       :
                    Defendant.         :
-------------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff *pro se* brings this action against her former employer for breach of contract and

for violating Title VII of the Civil Rights Act of 1964. Plaintiff paid the filing fee but, for the

reasons below, this action is dismissed as frivolous.

### SUMMARY OF COMPLAINT

Plaintiff is a former employee of defendant. She previously sued defendant for

pregnancy discrimination and settled that lawsuit. She then commenced a second lawsuit against

defendant, which resulted in a separate settlement agreement.

Plaintiff brings this action for breach of this second settlement agreement. Plaintiff

alleges that defendant breached the second settlement agreement by indicating in a personnel file

that plaintiff's employment ended because of a "Termination" rather than a "Resignation."

According to a letter from defendant attached to the complaint, the personnel file of all

individuals who no longer work for defendant states that their employment status is

"Termination of Service."

Plaintiff also claims that defendant has been in contact with Rochdale Early Advantage Charter School – a charter school that hired plaintiff after plaintiff's employment with defendant ended – to "create[] an extremely hostile environment for" her in violation of Title VII.  In this allegedly hostile work environment, plaintiff was assigned to teach classes that she did not want to teach; school officials made "obscene comments and sounds" to her, among other unidentified disrespectful acts; and Rochdale Early Advantage Charter School terminated plaintiff.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission on April 6, 2019, received a notice of right to sue letter on May 6, 2019, and commenced this action on July 29, 2019.  Plaintiff seeks $18,000,000 in damages; for defendant to modify plaintiff's entry in her personnel file; an injunction against any future violations of plaintiff's rights; and "to be reinstated to [plaintiff's] job position," although plaintiff does not specify which job position.

**DISCUSSION**

*Pro se* litigants' submissions are construed liberally.  See Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).  However, even if a plaintiff has paid the filing fee, a court may dismiss the case if it determines that the action is frivolous.  See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000).  An action is frivolous if it is "based on an indisputably meritless legal theory," i.e. it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint."  Livingston v. Adirondack Beverage Co., 141 F.3d 434, 473 (2d Cir. 1998) (internal citations and quotation marks omitted).

Plaintiff claims that defendant breached a settlement agreement by designating her as terminated in a personnel file.  However, plaintiff has provided the settlement agreement at issue as an attachment to the complaint, and this agreement does not contain any provision that prevents defendant from identifying plaintiff as terminated.

2

Nor does this alleged breach of contract demonstrate defendant's malice toward plaintiff as part of the background for the Title VII claim. In a letter attached to the complaint, defendant has already explained that the personnel file of all individuals who no longer work for defendant identifies their employment status as "Termination of Service." The letter makes it clear that there is no distinction in defendant's record keeping about whether a termination is voluntary or involuntary. It is just a notation that defendant uses to show that the person no longer works there. Plaintiff has not alleged any facts to rebut this plausible and innocuous explanation of why plaintiff's personnel file identifies her as "terminated."

Plaintiff's Title VII claim bares no better. Charitably construed, plaintiff alleges that defendant entered into a conspiracy with Rochdale Early Advantage Charter School to violate Title VII when plaintiff worked for Rochdale Early Advantage Charter School. "To be timely, a Title VII claim must be filed with the EEOC 'within 300 days after the alleged unlawful employment practice.'" Mauro v. Bd. of Higher Educ., 658 F. Supp. 322, 323 (S.D.N.Y. 1986) (quoting 42 U.S.C. § 2000e–5(e)).

Plaintiff has failed to allege facts showing the existence of any conspiracy, let alone a conspiracy that existed within 300 days of plaintiff's EEOC complaint. But "[e]ven if she had provided some evidence of a conspiracy, Title VII makes no provision for conspiracy claims to hold non-employers liable for its prohibited acts … ." Szeredy v. Potter, 06-cv-7589, 2008 WL 5155666, at *5 (S.D.N.Y. Dec. 4, 2008). Since defendant no longer employed plaintiff at the time of the alleged Title VII violations at Rochdale Early Advantage Charter School, plaintiff cannot bring any claims against defendant under Title VII for these alleged violations.

**CONCLUSION**

This case is dismissed. The Court has considered whether to grant plaintiff leave to bring an amended complaint and, for the reasons above, denies leave to amend as futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). The Clerk shall enter judgment, dismissing this case. Although plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      August 7, 2019